IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| VENKATARAMANI MANI | § | |
| | § | |
| v. | § | Civil Action No. 1:14-cv-1103 |
| | § | |
| SIRIUS INTERNATIONAL INSURANCE | § | |
| CORPORATION and INTERNATIONAL | § | JURY |
| MEDICAL GROUP, INC. | § | |

**DEFENDANT
SIRIUS INTERNATIONAL INSURANCE CORPORATION'S
<u>NOTICE OF REMOVAL</u>**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant, SIRIUS INTERNATIONAL INSURANCE CORPORATION ("Sirius"), files this Notice of Removal under 28 U.S.C. §§ 1441 and 1446, and respectfully invokes the diversity jurisdiction of this honorable Court under 28 U.S.C. § 1332.

### NATURE OF THE SUIT

1. Plaintiff contends that the Defendants wrongfully denied his insurance claim. Plaintiff alleges that the Defendants purportedly breached the contract of insurance and allegedly violated Chapters 541 and 542 of the Texas Insurance Code.[1]

### PROCEDURAL BACKGROUND

2. On November 12, 2014, Plaintiff, Venkataramani Mani ("Plaintiff"), filed Plaintiff's Original Petition, bearing Cause No. D-1-GN-14-4704, to institute suit against the Defendants in the 201st Judicial District Court of Travis County, Texas, ("the State Court Action"). Plaintiff timely demanded a jury in state court.[2]

---

[1] See Plaintiff's Original Petition at pp. 3-4, submitted herewith as Exhibit B.

[2] See Plaintiff's Original Petition being filed herewith as Exhibit B.

3.      Plaintiff served Sirius with his Original Petition via the Texas Commissioner of Insurance. The Commissioner received the Original Petition on November 17, 2014, and forwarded the Original Petition to Sirius on November 20, 2014.[3]

4.      Sirius timely filed its Original Answer in the State Court Action on December 8, 2014. In its state court Answer, Sirius has also demanded a jury.[4]

5.      This Notice of Removal is timely, as it is being filed within thirty days of Sirius's receipt of service of the Plaintiff's Original Petition.[5] In addition, this removal is being filed within one year of the date that this suit was instituted.[6]

## JURISDICTIONAL BASIS FOR REMOVAL

6.      This Court has original jurisdiction under 28 U.S.C. § 1332 over this civil action, in that it is a civil action where there is complete diversity of citizenship between all parties, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. This action may be removed by Sirius under 28 U.S.C. § 1441(b)(2), as neither of the Defendants is a citizen of the State of Texas, where the action was brought.

7.      Plaintiff is a citizen of the State of Texas.[7]

8.      Defendant Sirius is a foreign corporation formed pursuant to the laws of Sweden and which maintains its principal place of business in Sweden.

---

[3]  See letter from the Commissioner of Insurance dated November 20, 2014, forwarding service of process to Sirius, being filed herewith as Exhibit A.

[4]  See Sirius' Original Answer being submitted herewith as Exhibit C.

[5]  28 U.S.C. § 1446(b).

[6]  28 U.S.C. § 1447(c)(1).

[7]  See Plaintiff's Original Petition at p. 1, submitted herewith as Exhibit B.

9. Defendant International Medical Group ("IMG") is a corporation formed pursuant to the laws of the State of Indiana and which maintains its principal place of business in Indiana. IMG has been served, but has not yet answered in this matter. The undersigned counsel will also be representing IMG, and IMG consents to this removal.

10. In disregard of Rule 47 of the Texas Rule of Civil Procedure, Plaintiff's Original Petition fails to make the mandatory disclosure of the amount of monetary relief being sought.[8] However, despite this defect in the Plaintiff's pleadings, the amount in controversy in this matter clearly exceeds $75,000. <u>Here, the Plaintiff's pre-suit notice letter of September 9, 2014, a copy of which is included with this Notice, specifically demanded $165,541.63</u>.[9]

11. Furthermore, when a plaintiff's pleadings do not allege a specific amount of damages, the removing defendant must only prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[10] The Plaintiff's suit encompasses all available damages for alleged breach of contract and breach of Chapters 541 and 542 of the Texas Insurance Code. The causes of action under Chapter 541 provide by statute for the award of attorneys' fees as a measure of damages to a prevailing plaintiff.[11] Where attorneys' fees are provided for by statute as a measure of damages under the statute creating the cause of action, as Chapter 541 does, the attorneys' fees are properly considered by the Court in assessing the

---

[8] TRCP 47 was effective for all suits filed on or after March 1, 2013.

[9] See Plaintiff's pre-suit demand letter, submitted herewith as Exhibit D.

[10] *See DeAguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994).

[11] See, e.g., *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 874 (5th Cir. 2002) (holding that where plaintiff can recover attorneys' fees for a breach of contact claim, the potential fee recovery may be considered toward the amount in controversy; and *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (in addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are *inter alia* penalties, statutory damages, and punitive damages).

amount in controversy. In addition, Chapter 542 of the Texas Insurance Code provides for an award of an 18% penalty in a case alleging, as here, that an insurer has failed to adequately investigate and pay a claim or has failed to pay the claim timely. Such statutory damages imposed under Texas law for failure to pay insurance claims in a timely manner are also to be included in calculating the amount in controversy.[12] Given the nature of the Plaintiff's claims against the Defendants, the alleged damages in this action when aggregated therefore clearly exceed $75,000.[13]

## Venue

12. Venue is proper in this district under 28 U.S.C. § 1446 (a) because this district and division embrace the place in which the removed action was pending and because Plaintiff alleges that a substantial part of the events giving rise to the Plaintiff's claims allegedly occurred in this district.[14]

## Additional Documents Filed
## In Support of Removal

13. Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders, and all other filings in the state court suit are being filed with this Notice.

14. Pursuant to 28 U.S.C. § 1446(d), Defendant Sirius will provide prompt written notice of the filing of this Notice of Removal to the Plaintiff, and will file a notice with the Clerk of the 201st Judicial District Court of Travis County, Texas.

---

[12] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (although described in terms of per annum percentage for calculation purposes, statutory exaction of a penalty under a statute is an element of damages, not "interest," for purposes of determining amount in controversy under the diversity jurisdiction statute).

[13] *See Chittick*, 844 F. Supp. at 1155-56.

[14] See Plaintiff's Original Petition at p. 2, submitted herewith as part of Exhibit A.

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

By: /s/ *Christopher W. Martin*
    Christopher W. Martin
    E-Mail: martin@mdjwlaw.com
    State Bar No.: 13057620
    P. Wayne Pickering
    E-Mail: pickering@mdjwlaw.com
    State Bar No.: 15975030

808 Travis Street, 20th Floor
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101

**ATTORNEYS FOR DEFENDANT
SIRIUS INTERNATIONAL INSURANCE
CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of December, 2014 a true copy of this document was electronically filed and that the counsel of record noted below was designated as counsel to receive electronic service of all instruments filed herein, **per the 2014 mandatory electronic filing rules**.

    Jon Michael Smith
    Texas Bar No. 18630750
    Email: jon@jonmichaelsmith.com
    3305 Northland Drive
    Austin, Texas 78731
    [T] (512) 371-1006
    [F] (512) 476-6685

/s/ *P. Wayne Pickering*
P. Wayne Pickering

5