Amalia Rodriguez-Mendoza
District Clerk
Travis County
D-1-GN-14-004704

No. D-1-GN-14-004704

| | | |
|---|---|---|
| VENKATARAMANI MANI, | § | IN THE DISTRICT COURT OF |
|     Plaintiff | § | |
| | § | |
| v. | § | |
| | § | TRAVIS COUNTY, TEXAS |
| SIRIUS INTERNATIONAL INSURANCE | § | |
| CORPORATION and INTERNATIONAL | § | |
| MEDICAL GROUP, INC., | § | |
|     Defendants | § | 201ST   JUDICIAL DISTRICT |

**Plaintiff's Original Petition**

TO THE HONORABLE COURT:

Venkataramani Mani, Plaintiff, respectfully files this original petition complaining of Sirius International Insurance Corporation ("Sirius") and International Medical Group, Inc. ("International") and would show:

## I. Discovery Control Plan, Level 2

Pursuant to Texas Rule of Civil Procedure 190.3, this case is governed by Discovery Control Plan, Level 2.

## II. Nature of the Case

Mr. Mani's claim arises from Sirius International and International Medical's wrongful denial of an insurance claim.

## III. Parties

Plaintiff is an individual residing in Travis County, Texas.

-1-

Defendant, Sirius International Insurance Corporation, is a foreign surplus lines insurance company doing business in Texas that does not maintain a registered agent in Texas, and may be served with citation by and through the Commissioner of Insurance, Julia Rathgeber, P.O. Box 149104, Austin, Texas 78714-9104, who will forward the citation and petition to Sirius International Insurance Corporation, c/o Edwards Wildman Palmer, LLP, 750 Lexington Avenue, 8th Floor, New York, NY 10022-9833.

Defendant, International Medical Group, Inc., is a foreign corporation doing business in the State of Texas that does not maintain a registered agent in Texas, and may be served with citation by and through the Texas Secretary of State who will forward the citation and petition to International Medical Group, Inc., 2960 North Meridian Street, Indianapolis, Indiana 46208-4715.

## IV. Venue

Venue is proper in Travis County because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Travis County. Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a)(1).

## V. Conditions Precedent

All conditions precedent to recovery have been met or have occurred.

## VI. Facts of the Case

Mr. Mani is a citizen of India. He obtained, at the significant premium of $1,339.12, medical insurance from Defendants for the period February 9, 2014 to July 22, 2014 for his trip

to Austin, Texas to visit his son's family. After he had been in the United States for approximately a month, Mr. Mani developed, for the first time in his life, acute cholecystitis and a hepatic liver abscess. This condition did not exist at the time that he obtained insurance from Defendants, but instead resulted from an infection from his gallbladder that then spread to his liver.

Mr. Mani was forced to seek medical treatment for these conditions that first started in the United States at great expense. The liver abscess was treated with a percutaneous drain and the cholecystitis was treated with a laparoscopic cholecystectomy. Mr. Mani has fully recovered from these conditions.

Mr. Mani's medical bills were submitted to Defendants in a timely fashion. Without any investigation, Greg Weaver, RN, of Akeso Care Management, Defendants' agent, wrote that Mr. Mani's treatment was a "non-covered service." Then, on June, 13, 2014, an unidentified individual with MCMC, wrote a letter claiming that Mr. Mani's condition was pre-existing. Defendants have not paid any of Mr. Mani's outstanding medical bills.

## VII. First Cause of Action: Breach of Contract

Defendants' actions amount to a breach of contract between Plaintiff and Defendants. Plaintiff applied for and was accepted for insurance coverage by Defendants. He paid the required premiums, entering into a binding contract for insurance with Defendants. Defendants breached the contract by denying Plaintiff's claims for insurance coverage. Plaintiff is entitled to recover his actual damages, court costs and reasonable and necessary attorney's fees pursuant to Texas Civil Practice & Remedies Code, Section 38.001, et seq.

### VIII. Second Cause of Action: Texas Insurance Code Chapter 541

Defendants' actions in this matter amount to violations of the following provisions of the Texas Insurance Code: (1) §541.060(a)(1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue; (2) §541.060(a)(2)(A) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear; (3) §541.060(a)(3) failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim; and (4) §541.060(a)(7) refusing to pay a claim without conducting a reasonable investigation with respect to the claim. As a result, Plaintiff has been damaged in an amount within the jurisdictional limits of this court.

### IX. Third Cause of Action: Texas Insurance Code Sections 542.051-061

Defendant's actions also amount to a violation of Texas Insurance Code, Sections 542.051-061. As such, Plaintiff is entitled to 18% per annum in addition to the amount of his claim, plus attorneys' fees.

### X. Jury Demand

Plaintiff has requested that this case be decided by a jury as allowed by Tex. R. Civ. P. 216. The appropriate jury fee has been paid.

## XI. Prayer

Plaintiff prays that upon final trial of this case he have judgment against Defendants for actual damages, reasonable and necessary attorney's fees, pre-judgment and post-judgment interest, the 18% penalty pursuant to Texas Insurance Code, Chapter 542, and such other relief to which Plaintiff may show himself justly entitled.

Respectfully submitted,

*[signature]*

JON MICHAEL SMITH
State Bar No. 18630750
3305 Northland Drive
Suite 500
Austin, Texas 78731
512/371-1006
512/476-6685 fax